UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NATUSKA NIGHTHAWK,

        Petitioner,

v.                                                                                       Case Number 06-13614-BC
                                                                                   Honorable Thomas L. Ludington

KEN ROMANOWSKI,

        Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING THE HABEAS PETITION, AND DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY**

The petitioner, Natuska Nighthawk, presently confined at Gus Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of first-degree criminal sexual conduct in Kalkaska County Circuit Court and sentenced to imprisonment for twenty-five to fifty years. The petitioner alleges that the prosecutor failed to disclose favorable evidence, that his trial attorney was ineffective, and that he was denied an evidentiary hearing in state court. The respondent argues in a motion for summary judgment that the petitioner's claims are barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). The Court concludes that the petition was untimely filed and therefore will grant the respondent's motion for summary judgment and deny the petition for a writ of habeas corpus.

I.

The petitioner was charged in Kalkaska County, Michigan with three counts of first-degree criminal sexual conduct. The charges arose from allegations that the petitioner sexually penetrated

the nine-year-old daughter of the couple with whom he lived for a brief time. On September 28, 2000, the petitioner pleaded guilty to two counts of first-degree criminal sexual conduct. *See* Mich. Comp. Laws §750.520b(1)(A) (sexual penetration of a person under 13 years of age). In return, the prosecutor dismissed the third count of first-degree criminal sexual conduct and agreed not to proceed against the petitioner as a habitual offender and not to charge the petitioner with additional counts of criminal sexual conduct. On October 26, 2000, the trial court sentenced the petitioner to two concurrent terms of twenty-five to fifty years.

The petitioner moved unsuccessfully for re-sentencing and then appealed the trial court's denial of his motion. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Nighthawk*, No. 235075 (Mich. Ct. App. July 27, 2001). The petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court, but the clerk of the state supreme court rejected his papers on October 11, 2001, because they were not filed within the fifty-six-day deadline set forth in Michigan Court Rule 7.302(C)(2).

On February 9, 2004, the petitioner filed a motion for relief from judgment, which the trial court denied. Thereafter, the Michigan Court of Appeals denied leave to appeal the trial court's decision because the petitioner had not established entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Nighthawk*, No. 260505 (Mich. Ct. App. Aug. 16, 2005). On December 27, 2005, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Nighthawk*, 474 Mich. 979, 707 N.W.2d 203 (2005).

The petitioner filed the instant petition on August 8, 2006. He seeks the following relief:

I. Failure to disclose to defendant 'evidence' favorable to defendant; Failure of Discloser of 'statements' made by complainant when interviewed at examining Hospital - Munson Hosp; Traverse City

> I, defendant, did not penetrate complainant: this statement is substantuated [sic] by Munson Hospital in Traverse City, and complainant.
>
> II. Ineffective counsel
>
> Defense counsel misrepresented the terms of the sentence and by given [sic] false promises of a short penal term.
>
> III. No evidentiary hearing
>
> Had an evidentiary hearing been granted and these issues raised, it is very reasonable to believe that the Defendant's conviction would have been reversed: and the request for an evidentiary hearing would have raised a reasonable doubt.

The respondent urges the Court to dismiss the habeas petition because the petitioner's claims are time-barred.

## II.

### A.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitation for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Subsections B through D do not apply under the facts of this case since the petitioner is not asserting a new constitutional right or newly discovered facts. Nor has he alleged that a state-created impediment prevented him from filing a timely habeas petition. As a result, the statute of limitations began to run when the petitioner's convictions became final. Generally, a conviction becomes final under section 2244(d)(1)(A), and the statute of limitations begins to run, when:

> the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired. A criminal defendant has only ninety days following the entry of judgment by the 'state court of last resort' in which to file a petition for a writ of certiorari. Sup. Ct. R. 13.

*Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

The petitioner did not seek a writ of certiorari in the United States Supreme Court. He similarly did not submit a timely application for leave to appeal in the Michigan Supreme Court on direct review. The deadline for filing an appeal in the state supreme court on direct review was September 21, 2001, or fifty-six days after the Michigan Court of Appeals rendered its July 27, 2001 decision. Mich. Ct. R. 7.302(C)(2). The petitioner's convictions became final on September 21, 2001 when his ability to file an appeal in the Michigan Supreme Court expired. *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001).

The statute of limitations began to run on the following day (September 22, 2001), Fed. R. Civ. P. 6(a); *Bronaugh*, 235 F.3d at 284-85, and it expired the following year on September 22, 2002. The petitioner filed his habeas corpus petition almost four years later, in August of 2006. Arguably, at the very latest, the statute of limitations began to run ninety days after October 11, 2001, when the Michigan Supreme Court rejected the petitioner's papers, and it expired one year later on or about January 10, 2003. Even under this scenario, the habeas petition would be time

barred because the statute of limitations would have expired before the petitioner filed his motion for relief from judgment in 2004 and his habeas petition in 2006. Because he did not comply with the one-year limitation period, his habeas petition is time-barred, absent tolling.

B.

"[T]he one-year limitation period is tolled for the 'time during which a properly filed application for State or other collateral review with respect to the pertinent judgment or claim is pending.' 28 U.S.C. § 2244(d)(2)." *Ege v. Yukins*, __ F.3d __, __, No. 05-2078, 2007 WL 1191911, at *6 (6th Cir. Apr. 24, 2007). The petitioner's motion for relief from judgment did not effect the statute of limitations because the limitation period expired before he filed the motion. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002).

C.

The limitations period set forth in section 2244(d) is not jurisdictional, *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003), and the Sixth Circuit has held that one-year period may be equitably tolled. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). A petitioner who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In this circuit, courts also must consider and balance the factors set out in *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988), "unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009. The *Andrews v. Orr* factors are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. [*Dunlap*, 250 F.3d] at 1008. These factors are not necessarily comprehensive and they are not all relevant in all cases. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir.

2002).  Ultimately, the decision whether to equitably toll a period of limitations must
be decided on a case-by-case basis. *Id.*

*Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Absence of prejudice is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and the petitioner has not alleged that he lacked notice or constructive knowledge of the filing requirement.  Nor does it appear that he was diligent in pursuing his rights.  He could have raised at least his second claim (ineffective assistance of trial counsel) on direct appeal from his conviction, and he waited a few years after his direct appeal to file his motion for relief from judgment in state court.  Therefore, equitable tolling under the *Andrews v. Orr* factors is not appropriate.

D.

The petitioner's first claim, and supporting narrative, might arguably be construed to assert a claim of innocence. Although "constitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence," *Souter v. Jones*, 395 F.3d at 577, 601 (6th Cir. 2005), the petitioner admitted at his plea that, on two occasions, he inserted his finger in the complainant's vagina.  Tr. at 18-24 (Sept.  28, 2000).  He also apparently admitted to police that he had engaged in sexual encounters with the complainant three times per week for two months.  Tr. at 13-14 (Apr.  23, 2001).  In light of the petitioner's admissions, the Court believes that he has not asserted a valid claim of innocence sufficient to overcome his failure to comply with the statute of limitations and to entitle him to argue the merits of his claims.

III.

The one-year limitation period expired before Petitioner filed his habeas corpus petition, and neither statutory tolling under § 2244(d)(2), nor equitable tolling under *Andrews v. Orr* or *Souter v. Jones*, is appropriate here.

Accordingly, it is **ORDERED** that the respondent's motion for summary judgment [dkt # 8] is **GRANTED** and the petition for a writ of habeas corpus [dkt # 1] is **DISMISSED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.** Reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 1, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 1, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS